IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Brian K. Boulb, | ) | Civil Action No. 0:19-2177-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Acting Warden Vareen, *FCI Edgefield*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's petition brought pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction. (Dkt. No. 9.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

I.  **Background**

In 2012, Petitioner Brian Boulb pled guilty to conspiracy to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841, 846; possession of pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); and possession of equipment, chemicals or materials to manufacturing methamphetamine, in violation of 21 U.S.C. § 843(a)(6). Mr. Boulb was sentenced by the United States District Court for the Southern District of Illinois to 235 months' imprisonment, later reduced to 157 months' imprisonment, with four years' supervised release. The sentence was enhanced due to Mr. Boulb's prior Illinois state court drug convictions. (Dkt. No. 1-1 at 3-4.) In 2014, he moved the sentencing court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which that court dismissed as untimely. (*Id.* at 6.)

Mr. Boulb now moves pursuant to 28 U.S.C. § 2241 to be resentenced, arguing that his federal sentence was improperly enhanced because his 2008 state court drug conviction has now been overturned, and that his federal guilty plea was improper because his attorney did not produce mental health records demonstrating his intellectual disability and paranoid schizophrenia, which affected his ability to file a timely § 2255 petition in the Southern District of Illinois. (Dkt. No. 1 at 6-7.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

"[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255" rather than § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may nonetheless proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d

328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective to challenge the "legality of a conviction," the petitioner must establish:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018). To challenge the "legality of a sentence," the petitioner must demonstrate:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Mr. Boulb is unable to satisfy either *Wheeler* standard because his claim for relief is predicated on his state court conviction being subsequently overturned, rather than a change in "substantive law." The Court, therefore, lacks jurisdiction over this § 2241 petition. The appropriate channel for the relief sought appears to be petitioning the Court of Appeals for the Seventh Circuit to allow a successive § 2255 motion before the sentencing court. After carefully considering Mr. Boulb's objections, including that he is "attacking the 'execution' of sentence, rather than the sentence itself," the Court finds that the Magistrate Judge appropriately concluded that the § 2241 petition should be dismissed. (Dkt. No. 11 at 1.)

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 9) as the order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 22, 2019
Charleston, South Carolina